United States District Court
Southern District of Texas
**ENTERED**
August 28, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FELIX PICASSO, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 3:18-CV-53 |
| HALAL BEASLEY RANCH, LLC, and MONOWAR AZIZ, | § § § | |
| Defendants. | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

This is a Fair Labor Standards Act ("FLSA") case where the plaintiff, Felix Picasso ("Picasso"), is suing his employer, Halal Beasley Ranch, LLC, and its owner, Monowar Aziz, for failing to properly pay him overtime. After a hearing, the Court found the defendants to be in default; and the Clerk entered a default under Federal Rule of Civil Procedure 55(a) (Dkt. 22 and Dkt. 23). Picasso has filed a motion for default judgment under Federal Rule of Civil Procedure 55(b). The motion (Dkt. 24) is **GRANTED**. The Court will enter judgment for Picasso and will award unpaid overtime wages, liquidated damages, attorney's fees, and costs.

**I.  Unpaid overtime and liquidated damages**

In an affidavit attached to his motion for default judgment, Picasso testifies that he is owed $3,194.40 in unpaid overtime wages, which he calculated by multiplying half of the minimum wage ($3.63) by the number of overtime hours that he worked in an average

week (44) by the number of weeks for which he worked (20) (Dkt. 24-1 at p. 1). Picasso's motion for default judgment also includes a request for liquidated damages under 29 U.S.C. § 216(b) (Dkt. 24 at pp. 4–5). "Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for an additional equal amount as liquidated damages." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822 (5th Cir. 2003) (quotation marks omitted). Once mandatory, the assessment of liquidated damages is now discretionary; "the district court can now decline to award such damages (or reduce the amount) if the court concludes that the employer acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA." *Id.* at 822–23 (quotation marks omitted). However, the employer must carry a "substantial burden" to demonstrate good faith and a reasonable belief that its actions did not violate the FLSA. *Id.* (quotation marks omitted). Here, that burden is necessarily unmet, as the defendants have defaulted. The Court will award liquidated damages in the amount of $3,194.40 under 29 U.S.C. § 216(b).

## II. Attorney's fees

Picasso has also applied for attorney's fees under 29 U.S.C. § 216(b) (Dkt. 24 at p. 5). "The FLSA requires an employer who violates the statute to pay attorney's fees." *Id.* at 829 n. 10. The fee award is calculated using the lodestar method. *Id.* at 829. Under that method, the district court first calculates the lodestar "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* "[T]he fee applicant bears the burden of . . . documenting the appropriate hours expended and hourly rates" and will customarily be required to "produce contemporaneous billing

records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant also bears the burden of proving that the hourly rate for which compensation is requested is reasonable. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). That said, "[w]hen an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *Kellstrom*, 50 F.3d at 328.

Once it has calculated the lodestar, "the district court then either accepts [it] or adjusts [it] upward or downward, depending on the circumstances of the case." *Id.* at 324. It is "strong[ly]" presumed that the lodestar award is the reasonable fee; when an adjustment is made, it is generally based on some combination of the dozen factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Heidtman*, 171 F.3d at 1043–44. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Id.* at 1043 n. 5. The Fifth Circuit has admonished district courts to "give

special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). District courts must, however, avoid "impermissible double counting[,]" meaning that they typically cannot adjust the lodestar due to a *Johnson* factor "if the creation of the lodestar amount already took that factor into account[.]" *Id.* The caselaw particularly disfavors upward adjustments based on certain factors—namely, the novelty and complexity of issues, the special skill and experience of counsel, the quality of representation, and the results obtained from litigation—that are in most cases considered to be "subsumed within the initial calculation of the lodestar[.]" *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

Picasso's counsel seeks an award of fees for 4.5 hours of attorney time and 1.9 hours of paralegal time (Dkt. 24-2). The hourly rates charged are $400 for the attorney and $125 for the paralegal, for a total of $2,037.50 (Dkt. 24-2).

The billing rates are unchallenged and therefore *prima facie* reasonable. *Kellstrom*, 50 F.3d at 328. Even if the reasonableness of the rates were contested, the rates would withstand the challenge. The attorney, Charles Scalise, is a 30-year attorney who has spent the last 18 years almost exclusively representing employees with wage claims, including claims under the FLSA (Dkt. 24-2). The paralegal, Jon Rankin, has 19 years of experience (Dkt. 24-2). The Galveston Division of the Southern District has previously approved an hourly rate of $500.00 for a partner with skills and expertise comparable to Scalise's. *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 385 (S.D. Tex. 2016); *see also Jane Roe/Rachel V.*

*Rose v. BCE Technology Corp.*, No. 4:12-CV-1621, 2014 WL 1322979, at *3 (S.D. Tex. Mar. 28, 2014) ("Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case."). The Houston Division has applied an hourly rate of $125.00 when calculating the proper fee for a paralegal's time when the paralegal's billed tasks were "administrative scheduling work on the case [that did not] requir[e] the use of [her] highest skill level" and when the fee applicant failed to present evidence that the paralegal's hourly rate was aligned with the prevailing market rates. *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012). The Court approves the hourly rates charged by Scalise and Rankin.

Having found the charged rates reasonable, the Court has also evaluated the time entries in Picasso's fee application and has found no evidence that the fee award sought includes noncompensable hours. The Court finds that Picasso's counsel's hourly rates are appropriate and that the hours for which Scalise and Rankin seek payment were reasonably expended and are compensable. The Court accepts the lodestar calculation as a reasonable fee and sees no reason to adjust the fee based on the *Johnson* factors. That calculation is as follows:

(1) Scalise billed 4.5 hours at $400.00 an hour for a total of $1,800.00.

(2) Rankin billed 1.9 hours at $125.00 an hour for a total of $237.50.

(3) The total lodestar calculation is $2,037.50.

### III. Costs

Picasso also seeks reimbursement totaling $505.00 for his filing fee and a process server's fee. The FLSA mandates an award of costs to a prevailing plaintiff, 29 U.S.C. § 216(b), and filing fees and process service costs fall within the scope of properly recoverable costs. *See Hilton v. Executive Self Storage Associates, Inc.*, No. 4:06-CV-2744, 2009 WL 1750121, at *16 & n. 12 (S.D. Tex. June 18, 2009). The Court will award the costs requested by Picasso.

### IV. Judgment

The Court **GRANTS** the motion for default judgment (Dkt. 24) and renders judgment for the plaintiff, Felix Picasso, in the amount of $8,931.30. This amount includes $3,194.40 for unpaid overtime compensation; $3,194.40 in statutory liquidated damages; $2,037.50 in attorney's fees; and $505.00 in costs.

Any other pending motions are **DENIED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Galveston, Texas, on  August 28 , 2019.

George C. Hanks
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE